IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES CLARK HENDERSON, | : |
| Plaintiff, | : |
| v. | : Case No. 5:11-cv-401 |
| SANDRA RAMSEY, | : |
| Defendants, *et al.*, | : |

## ORDER

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Charles H. Weigle, filed November 10, 2011. (Doc. 6). It is recommended that Defendants Putnam County Jail and Mitchell Hallman, as well as Plaintiff's claims against Defendants Richard Horn[1] and Sandra Ramsey for harassment and threats, be dismissed from the instant 42 U.S.C. § 1983 case. (*Id.* at 5). Also recommended, however, is the Court's allowance of Plaintiff's continued prosecution of his claims against Defendants Ramsey and Horn for opening and reading Plaintiff's outgoing mail and retaliating against him based on the contents of the mail and/or Plaintiff's filing of a previous civil lawsuit. (*Id.*).

The Report and Recommendation provided the Parties with fourteen (14) days[2] from the date of its service to file written objections to the recommendations therein. (*Id.* at 4-5). The period for filing objections expired on Monday, November 28, 2011.[3] Plaintiff timely filed his

---

[1] The Recommendation lists this Defendant as "Richard Allen" instead of Richard Horn. (Doc. 6 at 5). The Court finds, however, that "Richard Horn" is the intended Defendant.
[2] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).
[3] Because the actual deadline for filing objections—Sunday, November 27, 2011—fell on a weekend, the deadline was extended to Monday, November 28, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

1

Objection, in the form of a letter to Judge Weigle, on November 14, 2011, wherein he only objects to the recommended dismissal of Defendant Hallman. (Doc. 10).

In his Objection, Plaintiff notes that Putnam County Jail does not maintain a policy regarding inmate contact or mail correspondence. (*Id.* at 1). He therefore asserts that Defendant Hallman's removal of Plaintiff's letter from the outgoing mail at Defendant Ramsey's request was not pursuant to such a policy, contrary to the Recommendation's finding, and was improper. (*Id.*). Furthermore, because Defendant Ramsey was not Defendant Hallman's supervisor, Plaintiff contends that Defendant Hallman was not required to act at Defendant Ramsey's request; because, however, Defendant Hallman did act, he contributed to Plaintiff's alleged harm. (*Id.*).

Neither of the foregoing grounds of Plaintiff's Objection persuades the Court to overrule the recommended dismissal of Defendant Hallman. As Judge Weigle found, this Court concludes that Defendant Hallman's mere removal of Plaintiff's letter from outgoing mail does not violate any of Plaintiff's constitutional rights. (*See* Doc. 6 at 4 (quoting Turner v. Safley, 482 U.S. 78, 93 (1987); Bell v. Wolfish, 441 U.S. 520, 547 n.28 (1979)). In fact, such an allegation does not even raise any reasonable inference of a constitutional violation. Accordingly, Plaintiff's Objection (Doc. 10) lacks merit and is therefore **OVERRULED**. U.S. Magistrate Judge Weigle's November 10, 2011 Report and Recommendation (Doc. 6) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.

Defendants Putnam County Jail and Hallman as well as Plaintiff's claims against Defendants Ramsey and Horn for threats and harassment (Doc. 1) are **DISMISSED**. Plaintiff's

3

claims against Defendants Ramsey and Horn for opening and reading Plaintiff's mail and retaliating against Plaintiff shall remain.

**SO ORDERED**, this  30th  day of November 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**